

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **B- 0 2 - 1 6 8** |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant AFC Enterprises, Inc. ("AFC")

files this Notice of Removal to this Court of the civil action filed against it by Plaintiff Jesus

Ramirez, and on the basis of the following facts that show this case is removable to this Court:

1.       On December 3, 2001, AFC, which operates Churchs Chicken restaurants, was

served with a copy of the Plaintiff's Original Petition filed on November 27, 2001 in the 138th

Judicial District Court of Willacy County, Texas (the "State Court"), Cause No. 01-359, styled

*Jesus Ramirez, Plaintiff v. AFC Enterprises, Inc., Defendant.* The case was removed to this court

and assigned Civil Action No. B-01-214. On May 13, 2002, United States District Judge Hilda

Tagle granted Defendant's Motion to Dismiss the case to allow the parties to proceed to

arbitration pursuant to an arbitration agreement between the parties signed by the Plaintiff.

2.       On July 25, 2002, Plaintiff filed the exact same Plaintiffs' Original Petition

("Plaintiff's Second Petition") again in the same State Court, the 138th Judicial District Court of

Willacy County, Texas, where it was assigned Cause No. 02-183. Plaintiff's Second Petition

was served on AFC on August 6, 2002. The attorney that filed Plaintiff's Second Petition was

an attorney of record in the first suit at the time it was dismissed.

3.    AFC is a nonsubscriber to the Texas Workers' Compensation Act.  Plaintiff's Second Petition again alleges that Plaintiff, a resident of Willacy County, Texas, was injured on or about August 22, 2000 while employed by AFC as an employee at one of its Churchs Chicken restaurants. *Plaintiff's Second Petition at ¶¶ 1.1, 4.1.*  Plaintiff again alleges that he "sustained serious and debilitating injuries to his left shoulder area" and "has endured a substantial amount of pain due to a torn rotar [sic] cuff in his shoulder." *Id. at ¶¶ 4.1, 6.1.*  He is again seeking damages for pain and mental anguish in the past and future, physical impairment in the past and future, medical expenses in the past and future, loss of wages in the past and loss of future wage-earning capacity. *Id. at ¶ 6.1.*

4.    This Court has original jurisdiction over this civil action because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States. *28 U.S.C. § 1332(a)(1).*  Plaintiff is a citizen of the State of Texas. *Plaintiff's Second Petition at ¶ 1.1.*  Defendant AFC is a Minnesota corporation with its principal place of business in Atlanta, Georgia. *Id. at ¶ 1.2.*  Although Plaintiff again "pleads" for damages less than $75,000, *Id. at ¶ 6.3,* the amount in controversy, exclusive of interest and costs, clearly exceeds the sum or value of $75,000. *See Affidavit of Gary D. Sarles, attached as Exhibit "A" to Defendant's Notice of Removal, originally filed in Civil Action No. B-01-214 on December 31, 2001.*

5.    The time within which Defendant is required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired, and the only Defendant, AFC, has joined in this removal.

6.    In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice of Removal is:  (1) a copy of all executed process in the case; (2) all pleadings asserting causes of action in the State Court; (3) all orders signed by the state judge (none); (4) a copy of the docket

sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented. A copy of this Notice of Removal is also being filed with the State Court.

WHEREFORE, Defendant prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceeding in the State Court.

Respectfully submitted,

Douglas C. Bracken
Attorney in charge
State Bar No. 00783697
S. D. Bar No. 22646
Gary D. Sarles
State Bar No. 17651100
S. D. Bar No. 19735
**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2002, a true and correct copy of Defendant's Notice of Removal was forwarded via first class mail to Plaintiff's attorney of record, Ricardo A. Garcia, 820 South Main Street, McAllen, Texas 78501.

Douglas C. Bracken

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## INDEX OF MATTERS BEING FILED

1.    Citation

2.    Plaintiff's Original Petition

3.    Defendant's Original Answer

4.    Civil Docket Sheet

5.    List of Counsel of Record

6.    Affidavit of Gary D. Sarles

7.    Civil Cover Sheet

16-21084--CITATION--PERSONAL SERVICE--DISTRICT OR COUNTY COURT (Revised 8/90) 8-BAND-1     Hart InterCivic

# CITATION

THE STATE OF TEXAS

To   AFC Enterprises,INC., Registered Agent Prentice-Hall

    800 Brazos

    Austin, Texas 78701

Defendant_____, in the hereinafter styled and numbered cause: 02-183

    YOU ARE HEREBY COMMANDED to appear before the ___138th___ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number ___02-183___, styled

_____

    Jesus Ramirez _____, Plaintiff____,

vs.   AFC Enterprises , Inc. _____, Defendant____,

filed in said court on the ___25th___ day of ___July___, 20_02_.

    Plaintiff is represented by _Ricardo A. Garcia_____, whose

address is _820 South Main Street, McAllen, Texas 78501_

              street                city            state           zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ___25th___ day of

___July___, 20_02_

                              S.V."Chago" Fonseca _____

District Clerk of _____Willacy_____ County, Texas

                546 West Hidalgo, 2nd Floor
                Clerk's address

                Raymondville, Texas 78580

By _Marion Ramirez_____ Deputy.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Prentice Hall
    800 Brazos
    Austin, TX 78701

    02-183

    AUG 0 9 2002

    0:50

2. Article Number (Copy from service label)

PS F

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

                               0 6 AUG

C. Signature

X _Lorenza Flores_    ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
    If YES, enter delivery address below: ☐ No

3. Service Type
    ☐ Certified Mail    ☐ Express Mail
    ☐ Registered       ☐ Return Receipt for Merchandise
    ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

102595-00-M-0952

**ED MAIL RECEIPT**
*(Mail Only; No Insurance Coverage Provided)*

Do not use for International Mail (See reverse)

    age   $
    Fee   ired)
    Fee   red)
    es   $

Postmark Here

Clearly) (To be completed by mailer)

    Box No.
    Brazos
    TX 78701

1999     See Reverse for Instructions

**RETURN TO COURT COPY**

Cause No. 02-183

| | | |
|---|---|---|
| JESUS RAMIREZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 138ᵗʰ JUDICIAL DISTRICT |
| | § | |
| AFC ENTERPRISES, INC. | § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JESUS RAMIREZ, Plaintiff, in the above entitled and numbered

cause, complaining of AFC ENTERPRISES, INC., Defendant, and for cause of

action, would respectfully show the Court:

I.

### PARTIES

1.1    Plaintiff is an individual and residents of Willacy County, Texas.

1.2    Defendant, AFC ENTERPRISES, INC. is a corporation whose main office is in

Atlanta Georgia, and whose Registered Agent for Service of Process is Prentice-Hall

Corporation may be served with citation by **Certified Mail, Return Receipt**

**Requested at** their place of business located at 800 Brazos, Austin, Texas 78701.

Issuance of citation is requested at this time.

II.

### VENUE

2.1 Venue and jurisdiction is proper in Willacy County, Texas because all or a

substantial part of the events at the center of this lawsuit occurred in Willacy

County.

JUL 2 3 2002

III.

## DISCOVERY LEVEL

3.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this case will

conducted under Level 3.

IV.

## FACTS

4,1    On or about August 22, 2000, while Plaintiff, JESUS RAMIREZ, was in the

course and scope of employment at the Churches Fried Chicken in Raymondville,

Willacy County, Texas. Plaintiff, **JESUS RAMIREZ**, while performing his duties at

his place of employment, was ordered by his immediate supervisor, Eddie Orosco,

to assist him in moving a stove from one area of the premises to another. Plaintiff',

JESUS RAMIREZ, at the direction of Mr.Orosco, began to assist him and shortly

thereafter had to stop because a pain in his left shoulder area. Since that date,

Plaintiff, JESUS RAMIREZ, has endured a substantial amount of pain due to a torn

rotar cuff in his shoulder.

V.

## NEGLIGENCE

5.1    Plaintiff's' suffered injuries that were proximately caused by Defendant's negligent actio

and/or omissions, which consist of, but are not limited to the following:

1.    Defendants failed to keep a proper lookout for the Plaintiffs' safety that
      would have been maintained by a person under the same or similar
      circumstances using ordinary
      care;

2.    Defendants failed to take evasive action to avoid the incident which occurred to the

circumstances; and

5.2   Each of the aforementioned acts or omissions of Defendants were the

proximate cause of the negligence and of the resulting damages and injuries to

Plaintiff.

VI.

DAMAGES

6.1   As a direct and proximate result of the incident made the basis of this

lawsuit, Plaintiff JESUS RAMIREZ sustained serious and debilitating injuries to his

left shoulder area. Plaintiff suffered the following damages as a result of the

negligence of Defendants:

> a. Physical pain and mental anguish in the past and future;
>
> b. Physical impairment in the past and future;
>
> c. Medical expenses in the past;
>
> d. Medical expenses in the future;
>
> e. Loss of wages in the past; and
>
> f. Loss of future wage-earning capacity.

6.2   All of the above damages were proximately caused by the negligent actions

and/or omissions of Defendant.

6.3   Plaintiff affirmatively pleads for damages less than $75,000.00.

WHEREFORE PREMISES CONSIDERED, Plaintiff pray that the Defendants be

cited to appear and answer herein, and that upon final hearing Plaintiff have

judgment within the jurisdictional limits of this Court, as follows:

1)Judgment against defendant for its damages as set forth above, in an amount within the jurisdictional limits of the Court;

2) Prejudgment and postjudgment interest as provided by law;

3) All costs of suit; and

4) For such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF RICARDO A. GARCIA

By:_____

RICARDO A. GARCIA
State Bar No. 07643200
AIZAR J. KARAM, JR.
State Bar No.00796860
820 South Main Street
McAllen, Texas 78501
(956) 630-2882 - Telephone
(956) 630-5393 - Facsimile

No. 02-183

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | WILLACY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant AFC Enterprises, Inc. files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

## GENERAL DENIAL

Defendant denies each and every one of the allegations in Plaintiff's Original Petition and demands that Plaintiff prove those allegations by a preponderance of the evidence.

## DEFENSES

1.      Plaintiff's claims, if any, are not properly before this Court, in that Plaintiff's Original Petition was filed in violation and breach of Plaintiff's written agreement, governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and in violation of a federal court order, to submit all disputes between Plaintiff and Defendant to binding arbitration before a neutral arbitrator from the American Arbitration Association.

2.      Defendant asserts that Plaintiff has failed to mitigate his damages, if any.

3.      Defendant is entitled to an offset to any recovery awarded to Plaintiff for all payments made to Plaintiff in the form of wage-replacement benefits and for all medical bills and related expenses paid on his behalf by Defendant.

**Defendant's Original Answer - Page 1**

F I L E D

AUG 2 3 2002
10:15

S.V. "Chacho" Pokgera, Dist. Clerk, Willacy Co.
By _____ Deputy

4.    Further, Defendant would show that Plaintiff's own negligence was the sole cause of the accident and injury alleged by Plaintiff.

WHEREFORE, Defendant prays that this action be dismissed and Plaintiff ordered to submit his claims, if any, to the American Arbitration Association in accordance with his written arbitration agreement with Defendant, that Plaintiff be awarded a take-nothing judgment, that all costs of court be taxed against Plaintiff, and that Defendant be awarded any and all relief to which it is entitled.

Respectfully submitted,

Gary D. Sarles
State Bar No. 17651100
Douglas C. Bracken
State Bar No. 00783697

**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___22___ day of August, 2002 a true and correct copy of Defendant's Original Answer was forwarded via certified mail, return receipt requested, to Plaintiff's counsel of record, Ricardo A. Garcia, 820 South Main Street, McAllen, Texas 78501.

Douglas C. Bracken

**Defendant's Original Answer - Page 2**

# CIVIL DOCKET

In the 138th District Court

CASE NO. 02-183

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 02-183 | Jesus Ramirez  vs.  AFC Enterprises, Inc. | Ricardo A. Garcia  820 South Main Street  McAllen, Texas 78501  630-2882   Douglas C. Bracken  370 Founder Square  900 Jackson St. Dallas, TX 75202-6300 | Negligence | 7 | 25 | 02 |

FEE BOOK — Vol. — Page

Jury fee. — Paid by — Jury No.

DATE OF ORDERS — Month — Day — Year

Was Stenographer Used?

ORDERS OF COURT

MINUTE BOOK — Vol. — Page

PROCESS

Plaintiff's Original Petition Filed 7-25-02
Citation Issued 7-25-02
-Prentice-Hall Corp. sev. 8-6-02
Filed 8-9-02
Defendants Original Answer filed
8-26-02

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>LIST OF COUNSEL OF RECORD</u>

Ricardo A. Garcia
Texas Bar No. 07643200
820 South Main Street
McAllen, Texas 78501
Telephone:  (956) 680-2882
Telecopier:  (956) 630-5393
**Attorney for Plaintiff**
**Jesus Ramirez**


Douglas C. Bracken
Attorney in charge
Texas Bar No. 00783697
S.D. Bar No. 22646
Gary D. Sarles
Texas Bar No. 17651100
S.D. Bar No. 19735
**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306
**Attorneys for Defendant**
**AFC Enterprises, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JESUS RAMIREZ,                          §
                                        §
          Plaintiff,                    §
                                        §
v.                                      §     Civil Action No. _____
                                        §
AFC ENTERPRISES, INC.,                  §
                                        §
          Defendant.                    §

## AFFIDAVIT OF GARY D. SARLES

On this day Gary D. Sarles personally appeared before me, the undersigned notary public,

and after first being sworn, testified as follows:

1.       My name is Gary D. Sarles.  I am over 21 years of age, have never been convicted

of a felony, and am otherwise competent to make this Affidavit.  The statements made herein are

true and correct and based upon my own personal knowledge.

2.       I am counsel of record in this lawsuit for the Defendant, AFC Enterprises, Inc.

("AFC").  In the course of defending this lawsuit, I obtained documents from the third party

administrator of claims for AFC, GAB Robins ("GAB"), from GAB's claim file for Plaintiff,

Jesus Ramirez.  Attached hereto as Exhibit 1 is a true and correct copy of a Settlement Brochure

and cover letter dated June 22, 2001 sent to GAB from the Law Office of Aaron I. Vela, counsel

for Mr. Ramirez in this matter.  In the Settlement Brochure, Mr. Vela demands $150,000.00 to

settle this claim on behalf of his client.

_____
Gary D. Sarles

**EXHIBIT "A"**

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, on this

.28th day of December, 2001.

*Cynthia Perrio*

Notary Public in and for the State of Texas

CYNTHIA PERRIO
Notary Public State of Texas
My Commission Expires 07-30-05

LAW OFFICE OF

# AARON I. VELA

*A Professional Corporation*

1 PASEO DEL PRADO, BLDG. 101
P.O. BOX 4550 (78540)
EDINBURG, TEXAS 78539

PHONE (956) 630.9990
FAX    (956) 630.9472

June 22, 2001

Ms. Teresa Blake
GAB ROBINS NORTH AMERICA, INC.
9000 Southwest Freeway, Ste. 400
Houston, Texas 77074-2020

VIA CMRRR #7000 1670 0001 4304 8371
VIA FACSIMILE (713) 270-3835

Re:   Date of Injury        August 22, 2000
      Your Insured          AFC Enterprises, Inc.
      Claimant:             Jesus Ramirez
      GAB Claim No.:        45170-14738A

RECEIVED

JUN 2 5 2001

GAB HOUSTON

Dear Ms. Blake:

This office was hired to represent Jesus Ramirez to assist him in resolving a claim he has against your insured, arising out of a personal injury to his left shoulder which occurred on or about August 22, 2000.

Enclosed you will find claimant's settlement brochure, which includes all medical records and copies of medical statements totaling to $528.12 regarding the treatment and care of Jesus Ramirez.

I have provided you with sufficient information and documentation for your office to make a decision regarding this matter.

If you should have any questions or require anything else to assist you in your evaluation of this claim, please do not hesitate to contact me and/or my legal assistant, Diana Cerda.

Very truly yours,

*LAW OFFICE OF AARON I. VELA*

By:    Aaron I. Vela

Aaron I. Vela

AIV/dc

MR. TERESA BLAKE
GAB ROBINS NORTH AMERICA, INC.
June 22, 2001
Page 2

cc:    Jesus Ramirez
       P.O. Box 1227
       Raymondville, Texas 78580

RECEIVED

JUN 25 2001

GAB HOUSTON

# SETTLEMENT BROCHURE

Jesus Ramirez
vs.
AFC Enterprises, Inc./Churches
Claim No. 45170-14738A

Presented to:

Teresa Blake, Adjuster
GAB ROBINS NORTH AMERICA, INC.
9000 Southwest Freeway, Ste. 400
Houston, Texas 77074-2020

PRESENTED BY:

Aaron I. Vela
State Bar No. 00797598
**LAW OFFICE OF AARON I. VELA**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539
Telephone (956) 630-9990
Facsimile (956) 630-9472

RECEIVED

JUN 2 5 2001

GAB HOUSTON

## I.

## INTRODUCTION

This claim arises out of an incident which occurred on August 22, 2000, while our client was in the course and scope of employment of AFC/Churches at the Churches Chicken fast food restaurant in Raymondville, Willacy County, Texas. On that day, Mr. Ramirez, while performing his duties at his place of employment, was ordered by his immediate supervisor, Eddie Orosco to assist him in moving a stove from one area of the premises to another. While following orders, Mr. Ramirez, at the direction of Mr. Orosco, began to assist him and shortly thereafter had to stop and rest because a pain in his left shoulder area. Since that date, Mr. Ramirez has endured a substantial amount of pain due to a torn rotator cuff in his left shoulder. For the few months following the incident, Mr. Ramirez believed that the shoulder pain would resolve by itself without the necessity of any medical treatment. However, as the pain continued to persist, he sought medical attention on his own, due to the fact that his employer did not provide him with health insurance and/or worker's compensation coverage.

## II.

## MEDICAL RECORDS AND COSTS

Mr. Ramirez visited his family physician Dr. Jesus Sinha as a result of the pain in his left shoulder. On his first visit to Dr. Sinha's office, Mr. Ramirez complained of chronic pain to his left shoulder. He was assessed with left shoulder strain and received a 160 mg injection of DepoMedrol to his left shoulder joint. He returned the next day for a follow up visit with continued left shoulder pain and was prescribed medication for his pain. He returned 2½ weeks later with continued left shoulder pain, wherein he was prescribed medication for pain and was referred to Dr. Bliss Clark, an orthopedic surgeon, because conservative treatment on the left shoulder was not resolving the pain. X-rays were taken at Dr. Sinha's office which were forwarded to Dr. Clark's office.

RECEIVED
JUN 2 5 2001

On April 6, 2001, Mr. Ramirez was seen by Dr Clark for the pain to his left shoulder. Dr. Clark's report of April 6, 2001 indicates that Dr. Sinha's prescriptions for medication and injections did not resolve Mr. Ramirez' pain. The report further indicates he has a positive impingement sign of his left shoulder with posttraumatic rotator cuff tendonitis. He received an injection on his first visit with Dr Clark, however, according to the records of April 11, 2001, there was no significant pain or relief as a result of the injection. Dr. Clark prescribed Ultram and Celebrex for Mr. Ramirez' pain and indicated if the pain cannot be managed with medication, an arthroscopic surgical decompressive procedure of the subacromial space would be necessary.

Mr. Ramirez returned to Dr. Clark's office on April 25, 2001, with continued pain, at which point Dr. Clark further recommended the arthroscopic surgery to relieve the pain.

According to Dr. Clark's correspondence of June 8, 2001, the estimated cost of surgery, along with hospitalization, anesthesiologist fee and physical therapy is $15,000.00 with approximately six (6) months of recovery time. To date, Mr. Ramirez has incurred total medical expenses in the amount of $528.12, and with estimated future medical expenses in the amount of $15,000.00.

Furthermore, in addition to the aforementioned, Mr. Ramirez has missed approximately three (3) weeks of work for total lost wages in the amount of $480.00. Additionally, Mr. Ramirez is expected to be out of work to recover from his surgery for approximately six (6) months for total lost wages in the amount of $3,840.00.

## III.

## CONCLUSION

Prior to the August 22, 2000 incident, Mr. Ramirez led a very active life which, for the most part included the day to day activities while under the employment of Churches Chicken. However, because as a direct result of his injury, Mr. Ramirez has not only suffered a tremendous amount of pain, he has also lost

RECEIVED

JUN 2 5 2001

a substantial amount of time from work, all as a direct result of the injury to his left shoulder, which occurred during his course and scope of employment with your insured. This injury has certainly impaired Mr. Ramirez ability to find substantially similar employment because of the reduced amount of physical activity for which he cannot perform.

At this time, Mr. Ramirez has authorized us to make a demand to settle his claim. Because of the seriousness of his injuries and the clear liability on the part of your insured, and because the common law defenses normally available in the State of Texas, are unavailable to AFC/Churches because they are a non-subscriber, and due to the severity of the injury to Mr. Ramirez' shoulder, in light of the fact that the injury occurred as a result of direct orders from his immediate supervisor, which now requires surgery, our client has authorized us to make a demand of $150,000.00 or policy limits, whichever is less, for a full and final release of any and all claims against your insured, including the discharge and indemnity for medical, hospital, and other liens that may pertain to these claims.

We have provided you with sufficient information and documentation for your office to make a decision regarding this matter. We are making this offer to settle these claims at this time in order to prevent additional expenses and/or a lawsuit. We will hold this offer open for a period of twenty-one (21) days from the date of this letter. I believe this is sufficient time for you to review the information and make an evaluation regarding this claim. I look forward to your prompt response. Should you have any questions, please contact me.

-4-

RECEIVED

JUN 2 5 2001

GAB HOUSTON

Respectfully submitted,

Law Office of Aaron I. Vela
1 Paseo del Prado, Bldg. 101
Edinburg, Texas 78539
Telephone (956) 630-9990
Facsimile (956) 630-9472

By: _Aaron I. Vela_____
       Aaron I. Vela
       State Bar No. 00797598

RECEIVED

JUN 2 5 2001

GAB HOUSTON